Compañía Azucarera del Toa, Demandante y Apelante, *v.* Galán et al., Demandados y Apelados.

Apelación procedente de la Corte de Distrito de San Juan, Sección Primera, en pleito sobre memorándum de costas y desembolsos.

No. 2496.—Resuelto en marzo 13, 1922.

Memorándum de Costas—Sentencia—Desestimación de Apelación.—Procede desestimar la apelación de una resolución sobre memorándum de costas, cuando no existe en el record la sentencia final que condenó en costas, la cual es la base de tal memorándum.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. F. Soto Gras.*

Abogado de los apelados: *Sr. L. Llorens Torres.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

Esta es una apelación contra una orden de la Corte de Distrito de San Juan aprobando un memorándum de costas a favor de los apelados, demandados en la corte inferior. El apelante ha traído certificada la orden aprobando el memorándum de costas, pero los autos no contienen ninguna copia de la sentencia que sirvió de base al memorándum de

costas y a su aprobación.   Sin tal sentencia ante nos care-
cemos de un record suficiente para resolver las cuestiones
sometidas y la apelación por tanto debe ser desestimada.

La apelante en su alegato nos llama la atención hacia la
anterior apelación en este caso y a nuestra sentencia dictada
en el mismo en julio. 30, 1920.   En el caso de *Aparicio Her-*
*manos* v. *H. C. Christianson & Co.,* 25 D. P. R. 1, 8, resol-
vimos que en general no se podía recurrir a los autos de un
caso anterior para servir a un fin afirmativo de un apelante,
o a veces de un apelado, pero asumiendo sin resolver que
existe el derecho de examinar los autos de un caso anterior
y especialmente nuestra opinión en ese caso, para resolver
la situación entre las partes, encontramos los siguientes
hechos:

Los autos en el caso anterior muestran que se dictó una
sentencia en 7 de agosto de 1918, por la cual la corte deses-
timó la demanda pero impuso las costas a la demandada (*sic.*)
La opinión en el caso emitida por la corte de distrito con-
tiene una orden por costas a favor del demandante, pero
sin embargo la sentencia registrada en cuanto a costas es a
favor de la demandada.   En la presente apelación la ape-
lante admite que se dictó una sentencia contra ella el día
7 de agosto de 1918.   Esta confusión por sí indicaría que
es necesario para esta corte tener la sentencia ante sí para
determinar en favor de quién subsiste la sentencia regis-
trada.   Pero esta apelación además hace clara la necesidad
de que esta corte tenga ante sí la sentencia dictada por la
corte inferior.   Por la sentencia de este tribunal de julio 30
de 1920, la sentencia apelada en tanto se trataba de la lla-
mada segunda causa de acción, fué revocada y los autos de-
vueltos para ulteriores procedimientos no incompatibles con
la misma, y en sus demás particulares confirmada.   Si nues-
tra actuación hubiera sido una sentencia final técnicamente
esta revocación, en tanto concierne a nuestro record, hubiera
dejado una sentencia por costas subsistente contra la de-

mandada, pero dando por sentado que la corte quiso dictar y dictó una sentencia por costas a favor de los demandados, somos sin embargo de opinión de que los autos no revelan que existiera una sentencia final por costas a favor de ninguna de las partes en la presente apelación.

La demanda original en este caso contenía dos causas de acción y la Corte de Distrito de San Juan desestimó ambas de dichas causas de acción por su sentencia de agosto 7 de 1918. Esta corte revocó la actuación de la Corte de Distrito de San Juan en tanto desestimaba la segunda causa de acción, pero confirmó la sentencia en otros particulares. No considerábamos, por supuesto, la cuestión de costas, sino simplemente resolvímos en efecto que el demandante había fracasado enteramente en cuanto a su primera causa de acción y que era cosa juzgada. Pero devolvimos el caso para ulteriores procedimientos, dejando a discreción del demandante el seguir adelante con la segunda causa de acción. No existe nada en los autos ante nos en la presente apelación que indique que al ser devuelto el caso a la corte de distrito se tomara alguna otra medida por las partes con excepción de la presentación por los demandados de un memorándum de costas y la orden de la corte sobre el mismo. Era factible para el demandante el poder insistir en la celebración de un juicio sobre su segunda causa de acción, y si dicho demandante dejó de tomar cualquier medida pudieron los demandados insistir en que se dictara sentencia por la falta de instancia del demandante. Sea como fuere, el efecto de nuestra sentencia fué anular la dictada por la Corte de Distrito de San Juan de 1918, como sentencia final, dejando el caso aún pendiente para ulteriores procedimientos. Una situación análoga es la que surge en una corte de distrito cuando se presenta una excepción previa a la demanda en que se alegan dos causas de acción y la corte declara con lugar la excepción previa formulada a ambas causas de acción y este tribunal revoca el caso en cuanto a una de las causas de

acción y lo devuelve a la corte inferior para ulteriores procedimientos. No existe sentencia final. En el caso No. 9025 pendiente en la Corte de Distrito de San Juan, en tanto revelan los records, nada existe con excepción de la orden de esta corte devolviendo el caso para ulteriores procedimientos. Jamás se tomó acción final en el caso.

Hemos dicho todo esto para explicar en parte la necesidad de que este tribunal tenga la sentencia final de la corte de distrito ante sí y esto es aún más necesario debido a la naturaleza de las cuestiones que nos han sido presentadas por el apelante. La fecha de la sentencia dictada por la Corte de Distrito de San Juan podría desempeñar un papel importante al determinar si el uso de la palabra "costas" por la corte al dictar sentencia, incluía o no honorarios de abogado. Nuestras decisiones en esta materia fueron algo contradictorias. Considerada en general, la sentencia es necesaria para apelar de una orden aprobando un memorándum de costas, porque ella es la base de tal memorándum. Una analogía de la ley es que no podemos considerar la corrección de una sentencia en el caso en que se alega la insuficiencia de la prueba sin tener las alegaciones ante nos. Asimismo hemos resuelto que la sentencia es necesaria al revisar una moción de nuevo juicio, y en mayo 26 de 1921 esta corte resolvió que si la transcripción en apelación no incluía la prueba, la Corte Suprema no estaba en condiciones de resolver si la corte inferior abusó de su discreción al conceder las costas. Consideraciones algo semejantes son las expresadas en el caso de *Aparicio Hermanos* v. *H. C. Christianson & Co.*, 25 D. P. R. 1. Como se dijo en ese caso podríamos obtener la certificación de la sentencia, pero como creemos que nunca se dictó sentencia final en el caso, entendemos que sería mejor para las partes hacer las gestiones procedentes para obtener una sentencia final en la Corte de Distrito de San Juan.

Debe desestimarse la apelación sin perjuicio del derecho

del apelante de poder presentar a este tribunal una copia de la sentencia final, si existe alguna, y solicitar que el caso sea restablecido.

> *Desestimado el recurso sin perjuicio del derecho de la apelante a radicar una copia certificada de la sentencia y solicitar que la apelación sea restablecida.*

Jueces concurrentes: Sres. Presidente del Toro y Asociado Aldrey.

El Juez Asociado Sr. Hutchison disintió.